UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| RONALD JAMES SHAW, | ) | No. ED CV 12-132-CAS (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER TO SHOW CAUSE RE: DISMISSAL OF SUCCESSIVE PETITION** |
| UNKNOWN, | ) | |
| Respondent. | ) | |

On January 27, 2012, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"), in which he challenges his 2003 conviction in the Riverside County Superior Court and his sentence of an indeterminate term of 25 years to life in state prison. The Court observes that on July 24, 2006, petitioner filed an earlier habeas petition in this Court, in Case No. ED CV 06-790-SGL (RC), in which he also challenged his 2003 conviction. The 2006 petition was dismissed for lack of subject matter jurisdiction pursuant to the Judgment entered on August 7, 2006. (See Judgment in Case No. ED CV 06-790-SGL (RC)).

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or

successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2006 federal habeas challenge, petitioner raised the following claim: "[t]he trial court abused its discretion by refusing to strike one of petitioner's prior convictions, [sic] in the furtherance of justice petitioner allege[s] that he was effectively denied 'equal protection of the laws' guaranteed by the 14th amendment to the United States Constitution, [sic] when the trial court failed to exercise its discretion and strike one of petitioner's prior convictions." (See Opinion and Order, entered on August 7, 2006, Case No. ED CV 06-790-SGL (RC) at 1). As mentioned above, the action was dismissed for lack of subject matter jurisdiction. (See id. at 4; Judgment in Case No. ED CV 06-790-SGL (RC)).

In the instant Petition, petitioner sets forth the following grounds for relief: (1) a "constitutionally defective prior [was] used as a serious felony"; (2) the trial court failed to establish a factual basis for the prior guilty plea; (3) trial counsel was ineffective for failing to challenge the prosecutor's insufficient evidence, and for advising petitioner to plead guilty to robbery when the charging document supported a lesser charged offense; (4) appellate counsel was ineffective for not making stronger arguments for petitioner's claim[s]; (5) the trial court failed to advise petitioner of all mandatory and direct consequences of entering into a guilty plea; and (6) trial counsel was

1 ineffective for withholding favorable documents and information relevant to petitioner's case.
2 (Petition at 5-6b). However, even if petitioner's claims in the instant Petition satisfied the AEDPA
3 standards for filing a successive petition (although it does not appear that they satisfy 28 U.S.C.
4 § 2244(b)(2)(A) or (B)), he nevertheless is required to first seek authorization from the Ninth Circuit
5 before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication that
6 petitioner has obtained such permission from the Ninth Circuit. See Burton v. Stewart, 549 U.S.
7 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive
8 authorization from the Court of Appeals before filing a second habeas petition). It therefore
9 appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. §
10 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may
11 not, in the absence of proper authorization from the court of appeals, consider a second or
12 successive habeas application.'") (citation omitted).
13 /
14 /
15 /
16 /
17 /
18 /
19 /
20 /
21 /
22 /
23 /
24 /
25 /
26 /
27 /
28

1       Accordingly, petitioner is **ordered to show cause** why the instant Petition should not be dismissed as successive. Specifically, petitioner must submit to the Court **no later than February 29, 2012**, documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order. **Failure to respond by February 29, 2012, will result in the instant Petition being summarily dismissed without prejudice.**[1] See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

      **IT IS SO ORDERED.**

DATED: February 8, 2012

                                     PAUL L. ABRAMS
                                     UNITED STATES MAGISTRATE JUDGE

---

[1]   In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.